### 6578.  TOLLISON v. BANISTER, trustee.

The execution of a promissory note may be shown by circumstantial evidence.  The circumstances in proof in the present case, coupled with the admissions of the defendant, were sufficient to authorize the jury to find against the plea of non est factum.

DECIDED NOVEMBER 19, 1915.

Appeal; from Forsyth superior court—Judge Patterson.  April 16, 1915.

*J. P. Brooke, Henry N. Kirby,* for plaintiff in error.

*John S. Wood, C. L. Harris,* contra.

WADE, J.  The suit was upon a promissory note signed by one Qualls and the plaintiff in error, Tollison, and was payable to W. H. Banister, trustee of Silver City Lodge No. 98, I. O. O. F.  There was no service upon Qualls.  Tollison filed a plea of non est factum.  The trial in the justice's court having resulted in a verdict for the plaintiff, an appeal was taken to the superior court, where the same result was reached.  A motion for a new trial, based upon the usual general grounds, was overruled, and exception is taken to this judgment.  The sole question raised is as to the sufficiency of the evidence to support the verdict.

Circumstantial evidence and admissions made by the defendant were relied upon by the plaintiff to carry the burden of proving the execution of the note, which was imposed upon it by the defendant's plea of non est factum.  Banister testified that he had a conversation with Tollison some time after the note was due, and that "he [Tollison] said he was on a note with Luther Qualls to the Odd Fellows up there, and asked me the size of the note. I told him it was $90.00.  He said that Mr. Qualls had gone to Atlanta, and that he would notify him soon about this—that he was wanting it."  Upon cross-examination Banister testified, "He never did tell me that he signed that note.  He said that Qualls owed him $63.60, and that that was what he got of the money."  Upon redirect examination, however, this witness testified: "He said he was on that note.  That was all there was to it.  I just asked him, 'Are you on a note up here for Luther Qualls?'  He said, 'Yes, sir:'  That is exactly the words.  And when I told him we wanted the money he said, 'Do you remember the amount of it?' and I said, 'Yes, sir; it is $90, principal, and interest on it.'  He said, 'Well, I will see Mr. Qualls about the matter.'"  There

was also introduced in evidence a letter admitted by the plaintiff in error to have been written by him to Banister, which is as follows: "I am now writing you concerning that Luther Qualls debt to the Lodge. I only promised to stand for $63.63, and I will pay that without you having to put the note out. Have wrote Luther twice and have failed to get an answer so far. I will pay $63.63, and I will do just as I told you I would. If you will send me the note I will send it to Esq. Hawkins, but understand you wont have to for what I agreed to stand for." This letter, according to the evidence, was written in accordance with an agreement of Banister to wait until a certain date to put the note in the hands of an officer for collection. One Hulsey testified that he accompanied Banister on one occasion when he called to see Tollison relative to the payment of the note, and that Tollison did not deny signing the note.

We think the evidence was sufficient to authorize the jury to find that Tollison signed the note. In fact, from the statement of Tollison (according to the evidence of Banister) that "he was on a note with Luther Qualls," and the further testimony that there was never but one note given by Qualls to the plaintiff, the jury were authorized to infer an admission on the part of Tollison that he "signed" the note. Nowhere in the evidence is it shown that the defendant ever denied signing the note until after the suit was brought. It is contended by counsel for plaintiff in error that the statement in the letter, "I only promised to stand for $63.63," amounted to a denial that he ever signed the note. We do not agree with this conclusion. The plaintiff in error offered to pay this amount on the note, giving as his reason therefor that this was the amount that he agreed to stand for. The jury were authorized to believe, in the absence of an explanation, that this was an agreement had between him and Qualls.

It is, of course, well settled that the execution of a note can be proved by circumstantial evidence, as well as by admissions. It is clear to us that the evidence in this case authorized the jury to find that Tollison signed the note, and it is not within the province of this court to set aside a verdict of a jury upon the facts, if there is any evidence to support their finding. The plaintiff, upon proof of the execution of the note, was entitled to introduce the note in evidence, and, in the absence of some plea other than that of non

est factum, was entitled to a verdict if the jury considered that the evidence in support of the plea of non est factum was not sufficient to rebut that for the plaintiff.

*Judgment affirmed.   Russell, C. J., disqualified.*